IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Clemson University, | ) | |
| | ) | Civil Action No. 8:04-739-HFF-BHH |
| Plaintiff, | ) | |
| | ) | **O R D E R** |
| vs. | ) | |
| | ) | |
| Inter-Industry Conference on Auto | ) | |
| Collision Repair, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's motion for additional depositions and the plaintiff's motion for protective order. The motion was referred to this court pursuant to Title 28, United States Code, Section 636, by order of the Honorable Henry F. Floyd, United States District Judge. In its complaint, plaintiff Clemson University ("plaintiff" or "Clemson") seeks the court's declaratory judgment that there is no likelihood of confusion between its use of the "ICAR" brand to promote its International Center for Automotive Research project and the defendant's use of the mark "I-CAR" to refer to itself. The defendant Inter-Industry Conference on Auto Collision Repair ("defendant" or "Inter-Industry"), which is a corporation that offers courses training auto body repair mechanics and insurance adjustors on auto body repair and damages analysis, counterclaimed for trademark infringement, arguing that there is a likelihood of confusion between Clemson's use of the ICAR brand and the defendant's registered trademark, "I-CAR."

***Defendant's Motion for Additional Depositions***

On June 29, 2005, the defendant filed a motion for additional depositions. The defendant has already taken seven depositions and has noticed the depositions of Neill Cameron, Vice President for Advancement for Clemson; James F. Barker, President of

Clemson[1]; and Samuel J. Konduros, a third party who acts as the Director of Marketing for Clemson's ICAR project. In addition to the ten allotted depositions, the defendant seeks permission to take the following depositions: (1) the deposition of Clemson ICAR's Executive Director, Robert Geolas; (2) a Rule 30(b)(6) deposition of BMW Manufacturing Co., LLC; and (3) the deposition of any expert disclosed by Clemson.

Federal Rule of Civil Procedure 30 requires that, in the absence of a stipulation, a party obtain leave of court before taking depositions in excess of the limit of ten per side. The rule provides that such leave "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Fed.R.Civ.P. 30(a)(2). Rule 26(b)(2) provides that "[b]y order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30." Fed.R.Civ.P. 26(b)(2). "[T]he deposition-discovery rules are to be accorded a broad and liberal treatment." *Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

The plaintiff opposes the defendant's motion, arguing that the defendant has "squandered" its depositions and cannot demonstrate the necessity for five of the depositions that it has already taken. Specifically, the plaintiff notes that the focus of the case, the "likelihood of confusion," is measured in the Fourth Circuit according to seven factors: (1) the strength or distinctiveness of the mark; (2) similarity of the marks; (3) similarity of the goods and services that the marks identify; (4) similarity of the facilities the two parties use in their businesses; (5) similarity of advertising used by the two parties; (6) intent; and (7) actual confusion. *Petro Shopping Centers, L.P. v. James River Petroleum, Inc.*, 130 F.3d 88, 91 (4th Cir. 1997). The plaintiff argues that the defendant cannot demonstrate the necessity for the depositions of five individuals, four persons associated with the advertising agency T.G. Madison and Cliff Rosen, a land developer involved in the initial development of Clemson's ICAR brand. The plaintiff argues that the depositions were not necessary to evaluate any of

---

[1]The plaintiff's motion for protective order with regard to the deposition of President Barker will be discussed below.

the factors set forth in *Petro Shopping* because T.G. Madison and Rosen were not Clemson's agents (pl. resp. 4-7).

The defendant maintains that T.G. Madison "was responsible for initially selecting the ICAR brand used by Clemson" and argues the depositions were necessary to determine how Clemson selected its ICAR brand and what due diligence, if any, was undertaken to determine if that brand was available for use (def. motion 3). The defendant contends that the depositions are relevant to the plaintiff's intent in selecting the ICAR brand, which is one of the *Petro Shopping* factors. The defendant argues that each of the four T.G. Madison depositions was necessary as each provided independent information (def. reply 3-4). Further, the defendant notes that the plaintiff's argument that it suffered the expense and time of these depositions is overstated as all four of the T.G. Madison depositions were taken on the same day and lasted a total of less than six hours. The defendant argues that the deposition of Rosen was equally necessary as he played "an important role in the selection of the ICAR brand and initial due diligence" (def. reply 4).

The plaintiff further argues that the defendant has not shown why additional depositions are necessary (pl. resp. 7-9). The defendant counters as follows: Robert Geolas is Clemson ICAR's Executive Director and is identified by Clemson as an individual with relevant knowledge pursuant to Rule 26(a)(1); BMW is one of Clemson ICAR's "most important partners and has participated with Clemson in marketing efforts related to the ICAR project"; and the need to depose any expert disclosed by the plaintiff is "self evident" (def. reply 1-2).

This court has considered the law and the arguments of the parties and finds that the defendant should be allowed to take the additional depositions requested in its motion.

***Plaintiff's Motion for Protective Order***

The plaintiff has moved for a protective order prohibiting the defendant from deposing Clemson's President James Barker on the grounds that the deposition is not necessary and is cumulative to other discovery in the case, and President Barker "has no unique knowledge of facts at issue in the case" (pl. motion 1). In his affidavit submitted in support of the motion, President Barker testified that any factual information he has relevant to the case was obtained from Clemson employees who have been or will be deposed by the defendant (pl. motion, ex. C, Barker aff. ¶ 4). He further stated that submitting to an oral deposition is a substantial hardship for both him and Clemson because of the demands on his time (Barker aff. ¶ 6). President Barker testified, "I also am concerned that if this party is allowed to take my deposition for no apparent reason other than that Clemson is involved in a lawsuit and I am Clemson's President, then Clemson and further Presidents will be disadvantaged unfairly in future litigation" (Barker aff. ¶ 8).

The plaintiff notes that it does not intend to present President Barker as a trial witness. The plaintiff has asked the defendant to identify what information it seeks to obtain from President Barker by deposition and has offered to provide other appropriate witnesses for that information (pl. motion 2, ex. A). The plaintiff argues that the defendant responded with generalities that either fall within the testimony already given by others or would fall to someone other than President Barker had they been posed in a Rule 30(b)(6) deposition (pl. motion 2, ex. B). Importantly, the plaintiff does not object to submitting President Barker for deposition upon written interrogatories pursuant to Rule 31, and the motion for protective order is limited to President's Barker's oral deposition pursuant to Rule 30. The plaintiff cites numerous cases for the proposition that a protective order is appropriate in order to avoid oppression, inconvenience, and the potential for harassment where the proposed deponent is a top corporate executive with no unique personal knowledge of the matter in issue (pl. motion 6-11). *See, e.g., Folwell v. Hernandez*, 210 F.R.D. 169, 173-74 (M.D.N.C. 2002)

4

(discussing court's power to regulate harassing or burdensome depositions, and noting that unless a high level executive has unique personal knowledge about the controversy, the court should regulate the discovery process to avoid oppression, inconvenience, and burden to the corporation and to the executive.). "Even when an executive does have personal knowledge about the case, the court still may fashion a remedy which reduces the burden on the executive." *Id.* at 174 (citing *In re Bridgestone/ Firestone, Inc., Tires Products Liability Litigation*, 205 F.R.D. 535 (S.D.Ind.2002)).

The defendant argues in response that President Barker has extensive knowledge regarding the planning, development, and promotion of Clemson's ICAR (def. resp. 7-8). The defendant further argues that President Barker's position should not insulate him from appropriate discovery and that the benefit to the defendant outweighs any potential burden to President Barker or Clemson. The defendant does not address the option of deposing President Barker upon written interrogatories.

This court has considered the arguments and law cited by the parties and finds that good cause exists for issuance of a protective order prohibiting the defendant from deposing President Barker upon oral deposition. The defendant is not prohibited from deposing President Barker upon written interrogatories pursuant to Rule 31.

### CONCLUSION

Based on the foregoing, IT IS ORDERED that:

(1)     the defendant's motion for additional depositions is granted; and

(2)     the plaintiff's motion for protective order is granted.

IT IS SO ORDERED.

s/Bruce H. Hendricks
United States Magistrate Judge

August 5, 2005
Greenville, South Carolina

5